Pearson, J.
 

 We
 
 concur with his Honor, in respect to the power of the Court upon the question of costs. It is true that the probate of a will is “a proceeding
 
 in
 
 rem,” and no one, although oited to hear proceedings, is obliged to make himself a party; yet, when the persons interested make themselves parties for, or against, the alleged will, and an issue is made up, it is to be tried and determined like all other issues; and there is no provision in our statute which distinguishes the proceeding from that of any other matter at common law, as distinguished from a proceeding in Equity. It is admitted that in Equity, there is a broad discretion on the subject of costs, but in this, which, as we have seen, is a proceeding at common law, the statute gives no discretion; and provides that the costs shall abide the decision of the cause; So, the Court can render no other judgment than that, the successful party recover of the other party his costs. The fund, that is the assets of the estate, is not in court so as to be under its control. The administrator of the deceased is no party to this proceeding; liow, then, can the Court enter judgment against him for the costs of a proceeding to which ho was not a party, and in
 
 *435
 
 wliicb be bad no opportunity of being beard in respect to tbe question of costs, or any thing else ?
 

 PjgR OubiaM. Judgment affirmed.